IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAII DEPARTMENT OF TRANSPORTATION, AIRPORTS DIVISION,<br><br>        Plaintiff,<br><br>  vs.<br><br>ILLINOIS UNION INSURANCE COMPANY; et al.,<br><br>        Defendants. | Civil No. 10-00263 SOM/LEK<br><br>ORDER REMANDING CASE TO STATE COURT |

ORDER REMANDING CASE TO STATE COURT

I.  INTRODUCTION AND BACKGROUND.

This insurance dispute was removed to this court by Defendant Illinois Union Insurance Company on diversity jurisdiction. Plaintiff State of Hawaii Department of Transportation, Airports Division ("DOT-AD"), seeks a declaration regarding insurance coverage.

On May 28, 2010, the DOT-AD moved to remand this case to state court, arguing that it is not a citizen for diversity purposes. Illinois Union Insurance Company does not oppose the remand of this matter to state court. However, the other insurance companies named as Defendants--Insurance Company of the State of Pennsylvania, American Home Assurance Company, and National Union Fire Insurance Company--oppose the remand. This court agrees that, because the DOT-AD is not a citizen for

diversity purposes, this case does not involve diverse citizens. Lacking subject matter jurisdiction, the court remands this matter to the Circuit Court of the First Circuit, State of Hawaii.

II.     REMOVAL STANDARD.

When a case is removed to federal court, there is a strong presumption against federal court jurisdiction. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)). A defendant who has removed a case bears the burden of proving the propriety of removal, including jurisdiction. See Gaus, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998). One insurance company removed this matter to this court, stating as the sole ground for removal diversity of citizenship under 28 U.S.C. § 1332. See Illinois Union Insurance Company's Petition for Removal ¶ 11 (May 4, 2010).

III.     ANALYSIS.

The DOT-AD originally filed this action against various insurance companies in state court.  It is undisputed that Defendant Illinois Union Insurance Company is a citizen of Illinois.  See Petition for Removal ¶ 5.  The other Defendant insurance companies in this case appear to be citizens of Pennsylvania and New York.  Id. ¶¶ 3-5.

Illinois Union Insurance Company removed this action pursuant to 28 U.S.C. § 1332(a)(1), which provides: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States."  The DOT-AD seeks remand of this action to state court on the ground that, for diversity purposes, it is not a citizen such that this is an action between citizens of different states.  This court agrees.

"There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction."  Moor v. County of Alameda, 411 U.S. 693, 717 (1973).  An "arm or alter ego of the State" is similarly not a "citizen" for diversity purposes.  Id.  However, a "political subdivision," such as a county, is a "citizen" for diversity purposes.  Id.  The issue before this court is therefore whether the DOT-AD is an "arm or alter ego of the State."

In the context of determining whether a party is an arm of a state for Eleventh Amendment purposes, the Ninth Circuit has stated:

> To determine whether a governmental agency is an arm of the state, the following factors must be examined: [1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name or only the name of the state, and [5] the corporate status of the entity.

Belanger v. Madera Unified Sch. Dist., 963 F.2d 250-51 (9th Cir. 1992) (citing Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988)).

This court has previously adopted this five-factor test to determine whether a governmental agency is an arm of the State for diversity purposes. See Befitel v. Global Horizons, Inc., 461 F. Supp. 2d 1218, 1223 (D. Haw. 2006) (Kay, J.). In Befitel, the court recognized that the Ninth Circuit's five-factor test was virtually identical to the matters considered by the Supreme Court in Moor, with the only difference being that the financial liability factor is not given extra weight for diversity purposes. Befitel, 461 F. Supp. 2d at 1222. This court therefore applies the five-factor test to determine whether the DOT-AD is an arm of the State for diversity purposes.

A.  Whether a Money Judgment Would Be Satisfied out of State Funds.

The DOT-AD concedes that the financial impact of this case will not directly impact the State's treasury. However, that does not mean that this factor weighs in favor of a determination that the DOT-AD is a citizen for diversity purposes.

There is no dispute that sections 248-8 and 261-5 of the Hawaii Revised Statutes establish the airport revenue fund and require the DOT-AD to generate sufficient revenue "from its airport properties to meet all of the expenditures of the statewide system of airports." The requirement that the DOT-AD must use the airport revenue fund to cover the DOT-AD's operating expenses does not, by itself, indicate that the DOT-AD is essentially a private enterprise. To the contrary, despite that requirement, the State of Hawaii has financially backed the DOT-AD. For example, the State of Hawaii has recently appropriated general funds for Department of Transportation-related matters. See, e.g., Act 162, Session Laws of Hawaii (25th Leg., 2009) (appropriating money for airport facilities). The State of Hawaii has also recently used general funds to settle court a case against the DOT-AD. See, e.g., Act 64, Session Laws of Hawaii (25th Leg., 2009) (appropriating $60,000 out of the general revenues of the State of Hawaii to settle Freitas, et al. v. State of Hawaii, Civ. No. 05-1-0514(1), Second Circuit). If

State of Hawaii general funds are used to settle a case, it stands to reason that general funds might also be used to pay a judgment against the DOT-AD.  Accordingly, although this particular case may have little impact on the State's general funds, because judgments in general against the DOT-AD might be paid by the State of Hawaii, this factor appears to favor a determination that the DOT-AD is an arm of the State and not a citizen for diversity purposes.

        B.    Whether the Entity Performs Central Governmental Functions.

In Deak-Perera Hawaii, Inc. v. Department of Transportation, State of Hawaii, 553 F. Supp. 976, 982-83 (D. Haw. 1983) (Pence, J.), aff'd 745 F.2d 1281 (9th Cir. 1984), this court stated that the Department of Transportation "has been delegated the responsibility for the construction, operation and maintenance of all the state-operated commercial airports in Hawaii" and that the "operations of the state's airports are expressly recognized as 'public and governmental functions, exercised for public purpose, and matters of public necessity." This court therefore stated that the "function of the airport system in Hawaii must be viewed as a fundamental government function." Id. at 984; see also Haw. Rev. Stat. § 26-19 ("The department shall establish, maintain, and operate transportation facilities of the State, including highways, airports, harbors, and such other transportation facilities and activities as may be

authorized by law."). Because the DOT-AD performs a central governmental function, this factor weighs heavily in favor of viewing the DOT-AD as an arm of the State and therefore not a citizen for diversity purposes.

    C. <u>Whether the Entity May Sue or Be Sued.</u>

    DOT-AD concedes that it is authorized to sue and be sued like a private party and therefore that this factor weighs in favor of its being a citizen for diversity purposes. <u>See</u> Haw. Rev. Stat. § 261-3. However, the DOT-AD is limited to "[p]articipat[ing] as party plaintiff or defendant or as intervener on behalf of the State or any municipality or citizen thereof in any controversy which involves the interests of the State in aeronautics." <u>Id.</u> Because this authorization is limited to representing the interests of the State, this factor, at best, weighs only slightly in favor of viewing the DOT-AD as a citizen for diversity purposes.

    D. <u>Whether the Entity Has the Power to Take Property in its Own Name or Only in the Name of the State.</u>

    The DOT-AD is authorized to acquire property. <u>See</u> Haw. Rev. Stat. 261-4(b) ("the [DOT-AD] may acquire property, real or personal"). This factor therefore weighs in favor of viewing the DOT-AD as a citizen for purposes of the diversity of citizenship analysis.

### E.   The Corporate Status of the Entity.

The Constitution of the State of Hawaii provides that "[a]ll executive and administrative offices, departments and instrumentalities of the state government and their respective powers and duties shall be allocated by law among and within not more than twenty principal departments . . . ."  Haw. Const. Art. 5 § 6.  Hawaii law has established eighteen principal departments, one of which is the Department of Transporation: "Under the supervision of the governor, all executive and administrative offices, departments, and instrumentalities of the state government and their respective functions, powers, and duties shall be allocated among and within the following principal departments that are hereby established: . . . (15) Department of transportation . . . ."  Haw. Rev. Stat. § 26-4; see also Haw. Rev. Stat. § 26-19 (discussing the powers and duties of the Department of Transportation).

Because the DOT-AD is a division of a principal department of the State of Hawaii, as opposed to being a corporate body, this factors weighs heavily in favor of the DOT-AD's being an arm of the State and thus not a citizen for diversity purposes.

### F.   Balancing of the Factors.

On balance, the five factors weigh in favor of treating the DOT-AD as an arm of the State for citizenship purposes.  The

ability to sue and be sued and to take property in its own name are factors that weigh in favor of the DOT-AD's being a citizen for diversity purposes.  However, the financial impact factor weighs in favor of treating the DOT-AD as an arm of the State, as do the central government function and corporate status factors. Accordingly, this court rules that DOT-AD is an arm of the State and therefore not a citizen for diversity purposes.

The court notes that, even if the financial impact factor weighed in favor of treating the DOT-AD as a citizen for diversity purposes, the court's conclusion would not change.  At best, that might make this the "close case" the insurance companies contended this was at the hearing.  A "close case" would not overcome the "strong presumption" against removal jurisdiction, especially given how heavily the central government function and corporate status factors weigh in favor of the court's treating the DOT-AD as an arm of the State.  See Gaus, 980 F.2d at 566.

The court's determination that the DOT-AD is an arm of the State is consistent with other case law.  In Deak-Perera Hawaii, Inc. v. Department of Transportation, 745 F.2d 1281, 1282 (9th Cir. 1984), a case involving an airport concession, for example, the Ninth Circuit recognized that the Department of Transportation was "acting as sovereign" and therefore entitled to immunity from antitrust laws.  The Ninth Circuit similarly

concluded, in Charley's Taxi Radio Dispatch v. Sida of Hawaii, Inc., 810 F.2d 869, 876 (9th Cir. 1987), a case involving an airport taxi service, that the Department of Transportation was acting as a sovereign and therefore had not violated the Sherman Act.  The Hawaii Supreme court has also determined that the Department of Transportation is protected by sovereign immunity. See Helela v. State, 49 Haw. 365, 369 (1966).

IV.     THE DOT-AD'S REQUEST FOR ATTORNEYS' FEES AND COSTS IS DENIED.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The award of fees pursuant to § 1447(c), however, is within this court's discretion.  Cf. Ansley v. Ameriquest Mortage Co., 340 F.3d 858, 861 (2003) ("An award of fees and costs associated with removal or remand under 28 U.S.C. § 1447(c) is reviewed for an abuse of discretion.").  When an objectively reasonable basis for removal exists, a request for fees should be denied. Gardner v. UICI, 508 F.3d 559, 563 (9th Cir. 2007).

As at least two of the five factors relevant to whether the DOT-AD is a citizen for diversity purposes weigh in favor of determining that the DOT-AD is a citizen, the court concludes that there was an objectively reasonable basis for removal. While the court ultimately deems the DOT-AD not to be a citizen

for diversity purposes, the court denies the request for fees and costs pursuant to § 1447(c).

V.      CONCLUSION.

Because diversity jurisdiction is lacking, the court remands this matter to the Circuit Court of the First Circuit, State of Hawaii.  In addition to sending a copy of this order to the parties in this matter, pursuant to 28 U.S.C. § 1447, the Clerk of the Court is directed to send a certified copy of this remand order to the Clerk of the First Circuit Court, State of Hawaii.  The Clerk of Court is additionally directed to close this case and terminate any pending motion on this court's docket.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 6, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

State of Hawaii Department of Transportation, Airports Division, Civil No. 10-00263 SOM/LEK; ORDER REMANDING CASE TO STATE COURT

11